**UNITED STATES of America,**
**Plaintiff,**

**v.**

**W.R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.**

**No. CR 05–07–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Aug. 9, 2006.

⊙⃕59

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, William W. Mercer, Office of the U.S. Attorney, Billings, MT, Thomas L. Sansonetti, David M. Uhlmann, U.S. Department of Justice, Washington, DC, for Plaintiff.

Angelo J. Calfo, Harold Malkin, Michelle K. Peterson, Yarmuth Wilsdon Calfo, Seattle, WA, Michael F. Bailey, Bailey & Antenor, William Adam Duerk, Michael J. Milodragovich, Milodragovich Dale Steinbrenner & Binney, Missoula, MT, David S. Krakoff, Gary A. Winters, James T. Parkinson, Mark Holscher, Mayer Brown Rowe Maw LLP, Washington, DC, Ronald F. Waterman, Gough Shanahan Johnson & Waterman, Palmer A. Hoovestal, Hoovestal Law Firm, Helena, MT, Jeremy Maltby, O'Melveny & Myers, Los Angeles, CA, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, Stephen R. Spivack, Bradley Arant Rose & White, Washington, D.C., David E. Roth, Bradley Arant Rose & White LLP, Birmingham, AL, for Defendants.

## ORDER

MOLLOY, Chief Judge.

### I. Introduction[1]

Before the Court is a joint motion by Defendants to compel discovery of documents which the United States is asserting do not have to be disclosed based on various evidentiary privileges. Defendants object to the Government's use of the deliberative process privilege to withhold documents from criminal discovery. They also claim that documents are being improperly withheld by the Government on the basis of 5 U.S.C. § 552a, 18 U.S.C. § 1905, and 16 U.S.C. § 470hh. Finally, Defendants object to specific assertions of the attorney-client privilege. The United States opposes the motion, maintaining that its assertions of evidentiary privileges are proper, and that non-disclosure of the other disputed documents is statutorily required. For the reasons that follow, the United States must produce those documents withheld under the deliberative process privilege or any claimed statutory bases. It must also produce certain attorney-client documents specified below. Others are protected by the attorney-client privilege and do not have to be produced.

---

1. The facts of this case are well known to the Court and the parties and will not be recited here except where necessary.

## II. Analysis

### A. Deliberative Process Privilege

Defendants claim that the assertion of the deliberative process privilege is inapposite in the present context as its use is more properly confined to civil litigation and litigation arising under the Freedom of Information Act (FOIA). They claim that the assertion of the privilege as a means to shield documents otherwise discoverable under Federal Rule of Criminal Procedure 16 is both novel and inappropriate.

The development of the deliberative process privilege can be traced to two relatively recent decisions. *See United States v. Morgan,* 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); *Kaiser Aluminum & Chemical Corp. v. United States,* 141 Ct. Cl. 38, 157 F.Supp. 939 (1958). While leaving the particulars of the privilege, and its bases, largely unexamined, in each case the court recognized a right of government decision makers to have their mental processes, and documents reflecting those processes, protected from public scrutiny. At this early stage of the privilege's development it was treated entirely as a species of the executive privilege. Subsequent developments, particularly after the passage of the Freedom of Information Act with its Exemption 5,[2] show courts treating the privilege distinctly and developing a body of law concerning its assertion. Courts have treated the privilege as being based in the common law, but decisions discussing the privilege have freely relied on case law deriving from disputes concerning FOIA Exemption 5. *See* 26A Wright & Graham, Federal Practice and Procedure: Evidence, § 5680 (1992); Weaver & Jones, 54 Mo. L.Rev. 279, 289 (1989).

■ Under the common law deliberative process privilege, government agencies or departments may refuse to disclose information related to intra-governmental opinions, recommendations, proposals, etc., which are related to their decisional or policymaking functions. In recognizing the privilege, courts have relied on the commonly proffered rationale that unfettered access to agency decision making processes would chill debate or discussion by agency employees, and therefore degrade the ability of agencies to function effectively. *See, e.g., Assembly of the State of California v. United States Department of Commerce,* 968 F.2d 916, 920 (9th Cir.1992) ("Its [the privilege's] purpose is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny."). Following from this rationale, courts have required that in order for an agency to prevent disclosure of information through an assertion of the privilege the information withheld must be both "predecisional" and "deliberative" in nature. *See, e.g., F.T.C. v. Warner Communications Inc.,* 742 F.2d 1156, 1161 (9th Cir.1984) (a document must be "predecisional—it must have been generated before the adoption of an agency's policy or decision" as well as being "deliberative in nature, containing opinions, recommendations, or advice about agency policies" in order to qualify for the privilege.). The privilege has never been viewed as absolute, and may be overcome by a "sufficient showing of need." *Cobell v. Norton,* 213 F.R.D. 1, 4 (D.D.C.2003). Thus, the analysis involves a case-by-case examination of the competing claims whenever the privilege is asserted.

■ There is judicial discussion on the types of considerations which might go into such an examination. The court in *Warner* identified those factors as: "1) the relevance of the evidence; 2) the availabili-

**2.** Freedom of Information Act Exemption 5 provides that "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are not subject to the Act. 5 U.S.C. § 552(b)(5).

ty of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." 742 F.2d at 1161. Other possible factors have been identified as: 5) the seriousness of the litigation; 6) allegations of government misconduct; 7) the interest of the litigants in accurate judicial fact finding; and 8) the federal interest in enforcing federal law. *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 638–40 (S.D.Cal. 2001); *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D.Cal. 2003).

█ It is necessary to engage in a two-step process when evaluating an assertion of privilege based on deliberative process. First, the court must verify that the privilege applies, i.e., that the agency communications being withheld are in fact predecisional and deliberative in nature. Once the court has satisfied itself that the assertion of privilege is proper it must still make a determination that the agency's interest in withholding the documents outweighs the moving party's interest in securing them. *Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 854 (3rd Cir.1995).

As Defendants contend, the assertion of the deliberative process privilege is relatively common in litigation arising under FOIA and in civil suits. There are few instances reflected in the case law when the government has asserted the privilege in criminal litigation. The Government points to the cases of *United States v. Fernandez*, 231 F.3d 1240 (9th Cir.2000), and *United States v. Furrow*, 100 F.Supp.2d 1170 (C.D.Cal.2000) to support its contention that the privilege assertion is proper in the present instance. In each case the court decided that the deliberative process privilege properly allowed the non-production of death penalty evaluation forms and other prosecution memoranda related to the exercise of prosecutorial discretion in deciding to seek the death penalty. This authority is inapposite to a situation in which the government is attempting to shield agency documents from criminal discovery. Nevertheless, Defendants' broad claim that the privilege is completely inappropriate in the criminal context is not supported by the case law. The deliberative process privilege exists in the common law, and its use has not been confined to civil litigation or disputes arising under FOIA. There is nothing which supports anything other than applying the balancing test developed for use in analyzing assertions of the privilege.

In applying that test, attention must be paid to the fact that the liberty of the Defendants is at issue and, accordingly, any governmental interest in nondisclosure must be substantial for a claim of privilege to prevail. Documents subject to discovery in this case are produced pursuant to the Court's protective order allowing the Government to designate certain documents as "sensitive," and this protective order effectively provides the Government with a means to shield its interests without invoking the privilege. The protective order guarantees that designated documents will not be broadly disseminated, which should serve to allay agency fears that the public will gain access to their decision making processes (the primary "evil" the privilege is designed to prevent), and militates against non-disclosure.

█ For the reasons stated above, the Defendants' interest in obtaining documents withheld from discovery on the basis of the deliberative process outweighs whatever limited harm the Government might suffer by producing these documents under the terms of the Court's protective order. As such, the Government is

hereby ordered to produce all documents withheld on the basis of the deliberative process privilege, subject to the January 18, 2006 Protective Order (Doc. No. 294).

## B. Attorney-client Privilege

Defendants acknowledge that the "attorney-client privilege has, of course, long been respected as an evidentiary privilege." Defs' Br. at p. 7. They object, however, that the Government's assertion of the privilege, particularly in regard to email communications identified in the EPA log, is overbroad, and that the Government is claiming privilege in instances in which the communication does not contain legal advice, or in which the access of third-parties to the communication constitutes waiver. The Government claims that its assertions of the privilege are proper in that: 1) the disputed communications are largely those between Libby team members and Matt Cohn, an EPA attorney assigned to the Libby matter; 2) "when a Libby team member addresses a communication to Mr. Cohn and other members of the Libby team, EPA reasonably assumes that the communication is directed to Mr. Cohn to request his legal advice"; and 3) the "fact that many of the topics of these e-mails were day-to-day operational matters is irrelevant" in determining their privilege status because the Libby team was frequently seeking legal advice about operational matters in anticipation of expected litigation concerning the site. Govt's Resp. at p. 8. I have reviewed each of the documents at issue.

▆ The substantive elements of the attorney-client privilege are well established. To invoke the privilege a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice. *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Abrahams,* 905 F.2d 1276, 1283 (9th Cir.1990). The party asserting the privilege must establish the essential elements of the privilege. *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.1987).

▆ Given the above, the Government is mistaken in its contention that the substance of the communication is irrelevant in determining its privilege status if it can be shown that the communication took place in anticipation of litigation. The requirement that the communication have the purpose of providing or obtaining legal advice is the heart of the privilege. What matters is the specific nature of the communication and not the broader context within which the communication occurs. Similarly, it is not enough for the EPA to say that it "assumes" communications directed from its employees to agency attorneys are for the purpose of requesting legal advice. "That a person is a lawyer does not ipso facto, make all communications with that person privileged. The privilege applies only when legal advice is sought from a professional legal advisor in his capacity as such." *United States v. Chen,* 99 F.3d 1495, 1501 (9th Cir.1996).

Defendants also maintain that certain emails withheld by the EPA on the basis of attorney-client privilege should be produced because they may "contain facts or evidence relating to matters that the Government has put 'at issue' by charging obstruction of justice stemming from Grace's presentations of information to EPA from January to April 2002." Defs' Br. at p. 16. Defendants contend that by bringing Counts 1 and 10 of the original Indictment, the Government has impliedly waived attorney-client privilege with respect to communications which "may pertain to the matters regarding which the

Defendants are alleged to have conspired to defraud the Government or obstructed justice." Defs' Br. at p. 7. Citing the test for implied waiver outlined by the court in *United States v. Amlani,* 169 F.3d 1189, 1195 (9th Cir.1999),[3] Defendants contend that certain documents should be produced if review shows that they contain information vital to the defense.

The Government argues that in bringing the indictment it did not impliedly waive its attorney-client privilege. It also maintains that because it is not relying on the privileged information to litigate the case, Defendants are mistaken in their contention that it has put the contents of the disputed communications "at issue."

▉ The Government is correct that attorney-client communications "do not become discoverable simply because they are related to issues in the litigation." Govt's Resp. at p. 11 (citing *Amlani,* 169 F.3d at 1195). Defendants contend that statements memorialized in the disputed documents might show that the Government was not defrauded or obstructed by Grace. Even if this were so, the mere fact that these communications may concern the indicted acts is not enough to trigger the implicit waiver doctrine articulated in *Amlani.* In that case, the court found that Amlani had waived his attorney-client privilege with respect to communications with his lawyers upon asserting that disparaging remarks by the prosecutor had caused him to substitute counsel in violation of his Sixth Amendment rights. The court reasoned that Amlani could not assert attorney disparagement and simultaneously assert attorney-client privilege as to those conversations related to his decision to substitute counsel, as access to these conversation was the only means by which the government could defend itself against the claim. Here, the Defendants' ability to defend against the acts alleged in the indictment will not be made impossible without access to the Government's attorney-client communications concerning those acts. In any event, I have reviewed the documents in question, and find that they do not contain information vital to the defense. On the basis of this examination, I have determined that the following documents are not protected by the attorney-client privilege and must be produced subject to the Court's protective order of January 16:

(1) EPA Region 8 Email documents 0255, 0259, 0261, 0263, 0268, 0304, 0306, 0337, 0338, 0360, 0377, 0385, 0449, and their corresponding attachments.

(2) EPA Region 8 Site documents 2021581 and 2023609.

(3) EPA Headquarters documents P–001890 and P–009091.

## C. Statutory Privileges

The Government is withholding numerous documents based upon what it describes as statutory obligations that compel non-disclosure. Defendants argue that these statutes are inapplicable in the context of criminal discovery. The Government's understanding of its obligations is inaccurate.

---

**3.** The *Amlani* court described the implied waiver test as follows:

First the court considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue. Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

169 F.3d at 1195.

The Government is withholding a small number of documents on the basis of what is described in the privilege logs as "personal information." In its brief, the Government asserts that its nondisclosure is compelled by the Privacy Act.[4] It claims that the withheld documents contain social security numbers of employees and "personal exposure information." Govt's Resp. at 15. Defendants' maintain that a "personal information" privilege is "not contemplated by Rule 16," and that the Government should be required to produce the documents so designated. Defs' Br. at 6.

The Privacy Act specifically exempts government employees from penalty for the release of materials pursuant to the order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11). This Court's discovery orders exempt any disclosure from sanctions established by the Act. It does not appear that the documents in question are covered by the Act in any event, as they are not being maintained by the agencies in a "system of records," which the act defines as being a collection of documents organized in such a way that they are retrievable by name or some other identifier assigned to the individual. 5 U.S.C. § 552a (a)(5).

As these documents have been determined to be responsive to the Court's discovery order, and the Privacy Act does not obligate the Government to withhold them, the Government must produce, subject to the January 18, 2006 Protective Order, all documents withheld on the basis of the Privacy Act, i.e., those identified as "personal information" in the privilege logs.

The Government is refusing to produce a small number of documents on the basis of the Trade Secrets Act,[5] which are identified in the privilege logs as being withheld on the basis of "confidential business information." Defendants contend that a "confidential business information" (CBI) privilege is not one of the evidentia-

---

**4.** The relevant portion of the Act (5 U.S.C. § 552a(b)) reads: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains ..." For the purposes of the section, a "record" is "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to his education, financial transactions, medical history and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual ..." 5 U.S.C. § 552(a)(4).

**5.** The Trade Secrets Act provides in part:
Whoever, being an officer or employee of the United States or of any department or agency thereof, any person acting on behalf of the Office of Federal Housing Enterprise Oversight, or agent of the Department of Justice as defined in the Antitrust Civil Process Act (15 U.S.C. 1311–1314), or being an employee of a private sector organization who is or was assigned to an agency under chapter 37 of title 5, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.
18 U.S.C. § 1905.

ry privileges contemplated by Rule 16, and thus, the documents so designated should be produced.

The Trade Secrets Act provides penalties for government employees who disclose, in a manner not authorized by law, any trade information that is revealed to the employee in performance of official duties. The Act is designed to prevent discretionary release by government employees of certain types of business information in their possession. The production of the documents in question is compelled by this Court's discovery orders. The disclosure of the documents is authorized by law. Therefore, the Government must produce all documents identified it is withholding on the basis of 18 U.S.C. § 1905, subject to the January 18, 2006 Protective Order.

 16 U.S.C. § 470hh is the section of the Archeological Resources Protection Act prohibiting the disclosure of information "concerning the nature and location" of certain archeological resources "to the public under subchapter II of chapter 5 of Title 5 or under any other provision of law" absent certain determinations by the Federal land manager.[6] The documents in question are subject to this Court's discovery order. They are not being made available to the public on the basis of 5 U.S.C. § 552. Therefore, the United States must produce all documents withheld on the basis of 16 U.S.C. § 470hh, subject to the January 18, 2006 Protective Order.

### III. Order

Based on the foregoing, it is hereby ordered that the Government must immediately produce:

(1) all documents withheld on the basis of the deliberative process privilege;

(2) all documents withheld on the basis of 18 U.S.C. § 1905, 5 U.S.C. § 552a, and 16 U.S.C. § 470hh;

(3) EPA Region 8 Site documents 2021581 and 2023609;

(4) EPA Headquarters documents P–001890 and P–009091; and

(5) EPA Region 8 Email documents 0255, 0259, 0261, 0263, 0268, 0304, 0306, 0337, 0338, 0360, 0377, 0385, and 0449.

The Government's production must be complete no later than August 15, 2006.